UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-1043-B |
| | § | |
| LENNON R. MADZIMA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion for Default Judgment of Permanent Injunction and Memorandum of Law in Support (doc. 13). Based on the following facts established and conclusions of law, the Court will **GRANT** Plaintiff's motion and enter this permanent injunction against the Defendant, Lennon R. Madzima, individually and doing business as Sameday Tax Services.

## I.

## BACKGROUND

The United States filed a Complaint for Permanent Injunction and Other Relief against Defendant Lennon R. Madzima, individually and doing business as Sameday Tax Services, on June 23, 2008. The Complaint alleged Madzima engaged in continued and repeated conduct subject to penalty under I.R.C. § 6694, § 6695 and § 6701. Subsequently, the United States submitted its Motion for Leave to Serve Lennon R. Madzima by Publication and To Extend the Period for Service which the Court granted on November 3, 2008. Lennon R. Madzima was

served via publication in the Dallas Morning News on November 7, 21 and 28, 2008, and the United States filed an Affidavit of Publication with the Court on December 17, 2008.

Madzima failed to answer the complaint within twenty days of filing. Accordingly, the United States entered a Request for Entry of Default by the Clerk on January 9, 2009. Pursuant to FED. R. CIV. P. 55(a), the Clerk entered a default against Madzima on January 12, 2009. The United States now moves the Court to enter an order of default judgment of permanent injunction.

## II.

## LEGAL STANDARD

Rule 55(b)(2) of the Federal Rules of Civil Procedure allows the court in its discretion to enter a judgment of default when the party entitled to the judgment applies to the court. Where, as here, a default has been entered pursuant to Fed. R. Civ. P. 55(a), the factual allegations of the complaint, except those relating to the amount of damages, are taken as true. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure,* § 2688 (3d ed. 1998). Moreover, the entry of default bars the defendant from contesting the truth of the facts alleged in the complaint, as those alleged facts are deemed admitted. *T-Mobile USA, Inc. v. Shazia & Noushad Corp.*, No. 3:08-CV-00341, 2009 WL 2003369, at *4 (N.D. Tex July 10, 2009)(noting that courts have acknowledged default against a defendant is tantamount to actual success on the merits); *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

In this action, the United States is seeking injunctive relief under 26 U.S.C. (I.R.C.) §§ 7402, 7407 and 7408. Because I.R.C. §§ 7407 and 7408 set forth specific criteria for

injunctive relief, the United States need only meet those statutory criteria, without reference to traditional equitable factors, for this Court to issue an injunction under those sections. *United States v. Estate Pres. Servs.*, 202 F.3d 1093, 1098 (9th Cir. 2000); *see also United States v. Buttorff*, 761 F.2d 1056, 1063 (5th Cir. 1985).

To obtain an injunction under I.R.C. § 7407, the United States may show, among other things, that the defendant (1) engaged in conduct subject to penalty under I.R.C. §§ 6694 or 6695, or engaged in any other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws, and (2) that injunctive relief is appropriate to prevent the recurrence of such conduct. To obtain an injunction under I.R.C. § 7407 preventing the defendant from acting as an income tax return preparer, the United States must additionally show that the defendant engaged in this conduct continually or repeatedly and that a narrower injunction would be insufficient to prevent defendant from interfering with the proper administration of the internal revenue laws. *United States v. Bailey*, 789 F. Supp. 788, 816 (N.D. Tex. 1992). To obtain an injunction under I.R.C. § 7408, the United States may show, among other things, that the defendant engaged in conduct subject to penalty under I.R.C. § 6701 and that injunctive relief is appropriate to prevent the recurrence of such conduct. Finally, to obtain an injunction under I.R.C. § 7402(a), the United States must show that an injunction is necessary or appropriate to enforce the internal revenue laws.

## III.

## FACTS ESTABLISHED AS A MATTER OF LAW

In accordance with Federal Rule of Civil Procedure 55, if the Court determines the Defendant is in default, the factual allegations of the complaint, except those relating to the

amount of damages, will be taken as true. 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2688 (3d. ed. 1998); *see also T-Mobile USA, Inc. v. Shazia & Noushad Corp.*, No. 3:08-CV-00341, 2009 WL 2003369, at *4 (N.D. Tex. July 10, 2009). Accordingly, Plaintiff's Complaint establishes the following facts as a matter of law:

1. Madzima does business as Sameday Tax Services in Dallas, Texas, and charges customers for the preparation of federal income tax returns.

2. Madzima repeatedly and continually engaged in conduct in violation of I.R.C. § 6694, as it applies to tax returns prepared on or before May 25, 2007, by understating his customers' income tax liabilities by negligently and willfully claiming frivolous and meritless federal fuel tax credits that had no realistic possibility of being sustained on the merits. The federal fuel tax credits Madzima claimed were based on business activities that were ineligible for federal fuel tax credit under I.R.C. § 6421, and the amounts claimed were so exaggerated that no reasonable person could conclude they were anything but deliberately fabricated.

3. Madzima prepared at least 1,100 returns from 2005 to 2007 that claimed a total of over $1,000,000 in false fuel tax credits. Madzima claimed the bogus fuel tax credits on 46 percent of the federal income tax returns that he prepared for customers for processing year 2007.

4. Madzima repeatedly and continually engaged in conduct in violation of I.R.C. § 6694, as it applies to returns prepared on or before May 25, 2007, by understating his customers' income tax liabilities by negligently and willfully inflating or fabricating telephone excise tax refund credits. The amounts claimed were so

        exaggerated that no reasonable person could conclude they were anything but fraudulently fabricated.

5. Madzima prepared federal income tax returns on behalf of customers for tax year 2006 that claimed inflated TETR credits, totaling in excess of $100,000.

6. Madzima engaged in conduct in violation of I.R.C. § 6695 by failing to provide the Internal Revenue Service with copies of the returns that he prepared from 2004 to 2006 or a list of returns that he has prepared during that time, as the IRS requested pursuant to I.R.C. § 6107(b).

7. Madzima filed in excess of 430 federal income tax returns on behalf of customers for tax years 2005 and 2006 on which Madzima listed his income tax return preparer identification number as the social security number of an individual who was unaware of Madzima's actions in violation of I.R.C. § 6109(a).

8. Madzima repeatedly and continually engaged in conduct in violation of I.R.C. § 6701 by preparing fraudulent returns that made false claims for the fuel tax credit and telephone excise tax credit and claimed other fraudulent deductions, knowing that such returns understated his customers' tax liabilities and that the returns would be used in connection with a material matter arising under the internal revenue laws.

9. Absent this permanent injunction, Madzima is likely to continue to defraud the United States Treasury by intentionally understating his customers' income tax liabilities.

10. Madzima's fraudulent activities are sufficiently broad and flexible that a narrow

injunction prohibiting only certain enjoinable activities is unlikely to prevent continued interference by Madzima with the proper administration of the Internal Revenue laws.

## IV.

## CONCLUSIONS OF LAW

The Court finds that Defendant has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695, and that injunctive relief is appropriate under 26 U.S.C. § 7407 to prevent Defendant, and any business or entity through which he operates, and anyone acting in concert with him, from further engaging in such conduct. The Court further finds that because such conduct was continual and repeated, and because a narrower injunction would not be sufficient to prevent Defendant's interference with the proper administration of the internal revenue laws, that Defendant should be enjoined from further acting as a federal tax return preparer under § 7407. The Court further finds that Defendant engaged in conduct subject to penalty under 26 U.S.C. § 6701, and that injunctive relief is appropriate under 26 U.S.C. § 7408 to prevent Defendant, and any business or entity through which he operates, from further engaging in such conduct. The Court further finds that Defendant engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief is appropriate pursuant to the Court's inherent equity powers and 26 U.S.C. § 7402(a) to prevent recurrence of such conduct.

Based on the foregoing and the record in this case, and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Defendant Lennon R. Madzima, individually and doing business as Sameday Tax Services, and those persons in active

concert or participation with him, are enjoined from directly or indirectly:

 (1). acting as a federal income tax return preparer, or assisting in or directing the preparation or filing of federal tax returns for any person or entity other than himself, or appearing as a representative on behalf of any person or organization whose tax liabilities are under examination by the Internal Revenue Service;

 (2). understating customers' liabilities as prohibited by 26 U.S.C. § 6694;

 (3). engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694, 6695, 6701, or any other penalty provision in the Internal Revenue Code; and

 (4). engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue service laws and from promoting any false tax scheme.

**IT IS FURTHER ORDERED** that Lennon R. Madzima shall produce to counsel for the United States, within fifteen days of this Order, a list that identifies by name, social security number, address, e-mail address, and telephone number and tax period(s) all persons for whom he prepared federal tax returns or claims for a refund since December 31, 2004.

**IT IS FURTHER ORDERED** that the United States is permitted to conduct discovery to ensure compliance with the terms of this permanent injunction.

SO ORDERED.

DATED August 21, 2009

              _____
              JANE J. BOYLE
              UNITED STATES DISTRICT JUDGE